UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DIXIE DAVIS, | § | No. 5:16-CV-933-DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| SETERUS, INC., | § | |
| | § | |
| Defendant. | § | |

ORDER GRANTING MOTION TO DISMISS

Before the Court is a Motion to Dismiss for Failure to State a Claim filed by Seterus, Inc ("Seterus" or "Defendant"). (Dkt. # 4.) Pursuant to Local Rule CV-7(h), the Court finds this matter suitable for disposition without a hearing. After careful consideration and upon reviewing the memorandum filed,[1] the Court, for the reasons that follow, **GRANTS** Defendant's Motion to Dismiss.

BACKGROUND

Plaintiff Dixie Davis ("Plaintiff") alleges she owns property located at 350 Brettonwood Drive, San Antonio, Texas 78217 ("the Property"). ("Pet.," Dkt. # 1-1, Ex. B-2 ¶ 1) Plaintiff further alleges that the Property was scheduled for foreclosure sale on September 6, 2016. (Id.) To acquire the Property, Plaintiff

---

[1] Dixie Davis, who is represented by counsel, did not file a Response to the Motion to Dismiss.

1

alleges that she executed a Deed of Trust and a debt instrument in the amount of $34,000, on January 21, 2000, in favor of the original lender. (Id. ¶¶ 2, 13.) However, Plaintiff alleges that the Deed of Trust was not fully executed because the original lender never signed it. (Id. ¶ 3.) Plaintiff further alleges that the debt instrument was not a loan, but instead a check she signed to finance the transaction. (Id. ¶ 4.)

Plaintiff contends that Seterus, the mortgagee, demanded payment on the debt instrument. (Id. ¶¶ 17−18.) As a result, Plaintiff alleges that she has administratively sought the production of documents from Seterus. (Id. ¶ 5.) Specifically, she claims she sought documentation pertaining to the chain of custody of her debt instrument, which party had authority under the debt instrument to foreclose, and a sworn accounting. (Pet. ¶ 5.)

On September 2, 2016, Plaintiff filed suit against Seterus in the 57th Judicial District Court of Bexar County, Texas. (Id.) In her Petition, she asserts a claim for a violation of the Texas Debt Collection Practices Act ("TDCPA") "by proceeding with collection activities before substantially validating the debt it seeks to collect, proving its claim to the debt it seeks to collect, and establishing the amount of its claim to alleged debt through production of a sworn accounting." (Id. ¶ 25.) Seterus also seeks a declaratory order "regarding the rights, duties, interests, claims, and amounts of claims pertaining to the alleged debt." (Id. ¶ 27.)

On September 19, 2016, Seterus timely filed a Notice of Removal, invoking the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Dkt. # 1.) On October 3, 2016, Seterus filed the instant Motion to Dismiss. (Dkt. # 4.) Pursuant to Local Rule, Plaintiff had fourteen days to respond, but she did not.

## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a pleading include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). If a plaintiff fails to satisfy Rule 8(a), the opposing party may file a motion to dismiss the claims pursuant to Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In analyzing a motion to dismiss for failure to state a claim, the court "accept[s] 'all well pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" United States ex rel. Vavra v. Kellogg Brown & Root, Inc., 727 F.3d 343, 346 (5th Cir. 2013) (quoting In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007)).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Although "detailed factual allegations" are not necessary, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.  The statements in the complaint must be sufficiently detailed to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Id.

## DISCUSSION

Plaintiff asserts a claim for a violation of the TDCPA.  However, Plaintiff fails to identify the statutory provision under which she brings her claim.  Failure to cite a specific statute fails to put Defendant on notice about the legal nature of her claim.  This is true because if a plaintiff brings a claim based on a specific statute, it logically follows that a plaintiff must plead the statute on which the claim is based.  Otherwise, the Court cannot make an independent determination whether the alleged facts state a claim under the relevant statutory provision.  Accordingly, Plaintiff fails to satisfy Rule 8 of the Federal Rules of Civil Procedure.

To the extent that Plaintiff's claim is based on the "show-me-the-note theory," her claim fails as a matter of law. Texas courts have "roundly rejected the 'show-me-the-note' theory and dismissed claims relying upon it because foreclosure statutes simply do not require possession or production of the original

note."  Bierwirth v. BAC Home Loans Servicing, L.P., No. 03-11-00644-CV, 2012 WL 3793190, at *3 (Tex. App. 2012); see also Martins v. BAC Home Loans Servicing, L.P., 722 F.3d 249, 255 (5th Cir. 2013) (observing that the "weight of Texas authority" suggests "a mortgage servicer need not hold or own the note and yet would be authorized to administer a foreclosure"); Tex. Prop. Code § 51.002(a)-(h) (setting forth a list of foreclosure requirements that does not include note possession).

To the extent Plaintiff alleges that Seterus lacks authority to foreclose, her claim fails.  Plaintiff has alleged that Seterus is the mortgagee.  (Pet. ¶ 18.) The Texas Property Code grants either a "mortgagee" or a "mortgage servicer" standing to foreclose. Tex. Prop. Code § 51.0025; Preston v. Seterus, Inc., 931 F. Supp. 2d 743, 757 (N.D. Tex. 2013); Morlock, LLC v. Bank of New York, 448 S.W.3d 514, 518 (Tex. App. 2014) ("[A] deed of trust may be enforced by the mortgagee, regardless of whether the mortgagee also holds the note."). Accordingly, Plaintiff's claim that Seterus lacks the authority as mortgagee to foreclose fails as a matter of law.

Next, Plaintiff appears to assert a claim for an accounting.  Some courts have held that an accounting is strictly an equitable remedy and thus not a separate cause of action, while others "have treated an action for an accounting as a suit in equity as well as a remedy."  Donnelly v. JP Morgan Chase, No. H-13-1379,

2014 WL 429246, at *3 (S.D. Tex. Feb. 4, 2014).  Regardless of "[w]hether an accounting is only an equitable remedy or also an independent cause of action, it is appropriate only when the facts and accounts presented are so complex that adequate relief may not be obtained at law."  Id.  Plaintiff has alleged no facts that make her accounts complex, and thus an accounting is not necessary.  As a result, Plaintiff's accounting claim is denied.

Finally, assuming that Plaintiff seeks declaratory relief under the Federal Declaratory Judgment Act, the Court cannot grant relief.  28 U.S.C. §§ 2201–2202.  The Federal Declaratory Judgment Act is "an enabling act, which confers discretion on the courts rather than an absolute right on the litigant."  Sherwin-Williams Co. v. Holmes Cnty., 343 F.3d 383, 389 (5th Cir. 2003) (quoting Wilton v. Seven Falls Co., 515 U.S. 277, 287 (1995)).  As an enabling act, "the operation of the Declaratory Judgment Act is procedural only."  Lowe v. Ingalls Shipbuilding, A Div. of Litton Sys., Inc., 723 F.2d 1173, 1179 (5th Cir. 1984) (quoting Skelly Oil Co. v. Phillips Petrol. Co., 339 U.S. 667, 671 (1960)).  The Supreme Court has explained, "the Declaratory Judgment Act is not an independent source of federal jurisdiction; the availability of such relief presupposes the existence of a judicially remediable right."  Schilling v. Rogers, 363 U.S. 666, 677 (1960).  Accordingly, to invoke relief under the Federal Declaratory Judgment Act a plaintiff must have an underlying and viable cause of

action. See Reid v. Aransas Cnty., 805 F. Supp. 2d 322, 339 (S.D. Tex. 2011) (holding that a plaintiff cannot use the Federal Declaratory Judgment Act upon failure to state the existence of a judicially remediable right). Here, since Plaintiff has failed to state a claim, her request for declaratory judgment must fail. See e.g., Kingman Holdings, LLC v. Everbank, No. 5:13-cv-1127-DAE, 2014 WL 1491257, at *5 (W.D. Tex. Apr. 14, 2014).

## CONCLUSION

For the reasons explained, the Court **GRANTS** the Motion to Dismiss. (Dkt. # 4.) The Court **ORDERS** this case **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

**DATE:** San Antonio, Texas, October 25, 2016.

_____
DAVID ALAN EZRA
UNITED STATES DISTRICT JUDGE